## Henry v. Johnston

524

*Houck & Barron,* for plaintiffs.
*Siegel & Siegel,* for defendant.

LEHMAN, P.J., July 8, 1965.—This is an action in trespass in which plaintiffs, husband and wife, seek damages from defendant, a licensed osteopath, arising out of certain surgical operations and subsequent treatments performed upon the plaintiff wife.

Following the filing of an amended complaint, after defendant had filed preliminary objections to the original complaint, an answer was filed by defendant. Defendant then filed an interrogatory requesting "the name, last known address and present whereabouts, if known, of all witnesses, including but not limited to potential expert witnesses, irrespective of whether or not you intend to call them as witnesses at the trial of the cause".

Plaintiffs have objected to answering this interrogatory insofar as it requires the giving of names and addresses of expert witnesses, on the ground that it violates Pennsylvania Rule of Civil Procedure 4011 (b), (c) and (d).

Pa. R.C.P. 4007 (a) gives the right to the disclosure of the identity and whereabouts of witnesses.

Pa. R.C.P. 4011 prevents discovery or inspection, inter alia, which

"(b) causes unreasonable annoyance, embarrassment, expense or oppression to the deponent or any person or party;

"(c) relates to matter which is privileged or would require the disclosure of any secret process, development or research;

"(d) would disclose the existence or location of reports, memoranda, statements, information or other things made or secured by any person or party in anticipation of litigation or in preparation for trial . . . other than information as to the identity or whereabouts of witnesses;".

While Pa. R.C.P. 4007(a) unequivocally permits discovery of the identity and whereabouts of witnesses, and such subject matter is expressly excepted out of the interdiction of Pa. R.C.P. 4011(d), Pa. R.C.P. 4011(b) prevents discovery that would cause unreasonable annoyance, embarrassment, expense or oppression to the deponent or any person or party. We believe that plaintiffs and their expert witnesses, in many cases, would be caused unreasonable annoyance, embarrassment or oppression if plaintiffs were required to disclose the identity and whereabouts of expert witnesses while a case is in its early stages. See Peranteau v. Ferri's Kartway, Inc., 30 D. & C. 2d 455, 456. It is difficult for a court to determine in a given case whether unreasonable annoyance, embarrassment or oppression would be caused by the early disclosure of the identity and whereabouts of expert witnesses. We can foresee that, in some cases, such early disclosure would result in unreasonable annoyance, embarrassment or oppression, especially to the expert witness. We believe the more equitable rule to be one which would require the disclosure of the identity and whereabouts of expert witnesses a short time prior to trial when the parties and their expert witnesses are committed to a day or week certain for trial.

Several courts of this Commonwealth have dealt with the question of whether the interrelated Pa. R.C.P. nos. 4005, 4007 and 4011, permit discovery by interrogatory of the names of expert witnesses. See Peranteau v. Ferri's Kartway, Inc., supra; Lewis v. Geisinger Medical Center, 30 D. & C. 2d 32; Dornan

v. Johnston, 27 D. & C. 2d 347; Ross v. Lister, 21 D. & C. 2d 51, and Ludwig v. Philadelphia Transportation Co., 14 D. & C. 2d 432. These decisions pronounce the rule that expert witnesses need not be identified, except at a time which will give the adversary an opportunity to learn the qualifications of the expert in order to prepare for crossexamination of him and to eliminate surprise at the trial.

Further, it is common knowledge in judicial circles that plaintiffs in malpractice actions experience great difficulty in obtaining expert witnesses. To disclose the identity of prospective willing witnesses and subject them to pressure against testifying in plaintiffs' behalf or to humiliation, harassment and embarrassment would severely handicap plaintiffs in properly preparing their case.

Such disclosure should be properly made when the case is placed on the trial list and both parties report the case is ready for trial.

To the extent that Ginsburg v. Lavin, 2 D. & C. 2d 644; Hill v. Mayusky, 32 Northumb. 35; Bystrom v. Sears, Roebuck & Co., 18 D. & C. 2d 300; The Heller-Murray Co. v. Sharon Builders Supply Co., 33 D. & C. 2d 189, and Wineland v. Pullease, 1 Crawford 209, may be inconsistent with this conclusion, if, in fact, these are inconsistent, we decline to follow them.

For these reasons, we enter the following:

DECREE

Now, July 8, 1965, it is ordered, adjudged and decreed, that plaintiffs' objection to defendant's interrogatory is hereby dismissed, with reservation that plaintiffs shall not be required to file their answer as to expert witnesses to said interrogatory until the case has been placed upon the trial list and both parties report at pretrial conference that the case is ready for trial. Exception is noted to Houck and Barron, Esqs., of counsel for plaintiffs.